# EXHIBIT 3

# August 12, 2025 Minute Order of Nevada Probate Court

P-24-122187-T

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Probate - Trust/Conservatorships | COURT MINUTES | August 12, 2025 |
|---|---|---|

| P-24-122187-T | In the Matter of the Trust of: The NGF Nevada Trust, dated February 29, 2024 |
|---|---|

**August 12, 2025**      **3:00 AM**      **Minute Order**

**HEARD BY:** Barisich, Veronica M.          **COURTROOM:** Chambers

**COURT CLERK:** Carolyn Jackson

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

## JOURNAL ENTRIES

- Original Petition filed by Petitioners, Robert F. Armao and Nuraly Bekturganov, ("Trustees") and the Cross-Petition filed by Respondents/Cross-Petitioners, Autonomous Organization of Education "Nazarbayev University" and Autonomous Organization of Education "Nazarbayev Intellectual Schools", (collectively "Cross-Petitioners") has come before the Court on June 6, 2025. Having reviewed the pleadings, arguments, applicable law, and good cause, the Court FINDS and ORDERS as follows:

Relevant Law

NRS 153.031 Petition by trustee or beneficiary concerning affairs of trust: Purposes of petition; contents; notice and hearing; additional relief.

   1. A trustee or beneficiary may petition the court regarding any aspect of the affairs of the trust, including:
     (a) Determining the existence of the trust;
     (b) Determining the construction of the trust instrument;

| PRINT DATE: 08/12/2025 | Page 1 of 5 | Minutes Date: August 12, 2025 |
|---|---|---|

(c) Determining the existence of an immunity, power, privilege, right or duty;
(d) Determining the validity of a provision of the trust;
(e) Ascertaining beneficiaries and determining to whom property is to pass or be delivered upon final or partial termination of the trust, to the extent not provided in the trust instrument;
(f) Settling the accounts and reviewing the acts of the trustee, including the exercise of discretionary powers;
(g) Instructing the trustee;
(h) Subject to the requirements of chapter 165 of NRS, compelling the trustee to report information about the trust or account, to the beneficiary;
(i) Granting powers to the trustee;
(j) Fixing or allowing payment of the trustee's compensation, or reviewing the reasonableness of the trustee's compensation;
(k) Appointing or removing a trustee;
(l) Accepting the resignation of a trustee;
(m) Compelling redress of a breach of the trust;
(n) Approving or directing the modification or termination of the trust;
(o) Approving or directing the combination or division of trusts;
(p) Amending or conforming the trust instrument in the manner required to qualify the estate of a decedent for the charitable estate tax deduction under federal law, including the addition of mandatory requirements for a charitable-remainder trust;
(q) Compelling compliance with the terms of the trust or other applicable law; and
(r) Permitting the division or allocation of the aggregate value of community property assets in a manner other than on a pro rata basis.

2.  A petition under this section must state the grounds of the petition and the name and address of each interested person, including the Attorney General if the petition relates to a charitable trust, and the relief sought by the petition. Except as otherwise provided in this chapter, the clerk shall set the petition for hearing and the petitioner shall give notice for the period and in the manner provided in NRS 155.010. The court may order such further notice to be given as may be proper.

3.  If the court grants any relief to the petitioner, the court may, in its discretion, order any or all of the following additional relief if the court determines that such additional relief is appropriate to redress or avoid an injustice:
(a) Order a reduction in the trustee's compensation.
(b) Order the trustee to pay to the petitioner or any other party all reasonable costs incurred by the party to adjudicate the affairs of the trust pursuant to this section, including, without limitation, reasonable attorney's fees. The trustee may not be held personally liable for the payment of such costs unless the court determines that the trustee was negligent in the performance of or breached his or her fiduciary duties.

NRS 30.040  Questions of construction or validity of instruments, contracts and statutes.

PRINT DATE:   08/12/2025          Page 2 of 5         Minutes Date:    August 12, 2025

P-24-122187-T

    1.  Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

    2.  Any interested person or legal representative of an interested person of, or a maker or legal representative of a maker of, a will, trust or other writings constituting a testamentary instrument may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status or other legal relations thereunder. Any action for declaratory relief under this subsection may only be made in a proceeding commenced pursuant to the provisions of title 12 or 13 of NRS, as appropriate.

    3.  A principal or a person granted authority to act for a principal under power of attorney, whether denominated an agent, attorney-in-fact or otherwise, may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status or other legal relations thereunder. Any action for declaratory relief under this subsection may only be made in a proceeding commenced pursuant to the provisions of title 12 or 13 of NRS, as appropriate.

NRS 30.060  Declaration of rights in certain cases.

    1.  Any person interested as or through an executor, administrator, trustee, guardian, other fiduciary, including, without limitation, a person granted authority to act for a principal under a power of attorney, whether denominated an agent, attorney-in-fact or otherwise, creditor, devisee, legatee, heir, next of kin or cestui que trust, in the administration of a trust or the estate of a decedent, an infant, lunatic or insolvent, or in the actions taken pursuant to a power of attorney, may have a declaration of rights or legal relations in respect thereto:
    (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others;
    (b) To direct an executor, administrator, trustee or person granted authority to act for a principal under a power of attorney, whether denominated an agent, attorney-in-fact or otherwise, to do or abstain from doing any particular act in his or her fiduciary capacity; or
    (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills, trusts and other writings.

    2.  Any action for declaratory relief under this section may only be made in a proceeding commenced pursuant to the provisions of title 12 or 13 of NRS, as appropriate.

Findings of Fact and Conclusions of Law

The Court FINDS New Generation Fund, Inc. ("NGF") was incorporated on December 19, 2019, explicitly to benefit Cross-Petitioners Nazarbayev University and Nazarbayev Intellectual Schools. The Articles of Incorporation expressly state that NGF's sole purpose was to secure funding

PRINT DATE:   08/12/2025           Page 3 of 5        Minutes Date:    August 12, 2025

P-24-122187-T

exclusively for these two entities.

The Court FINDS that NGF entered into a binding Settlement Agreement requiring NGF to liquidate by July 31, 2023, and distribute all remaining surplus assets directly to Nazarbayev University and Nazarbayev Intellectual Schools upon dissolution, in conformity with its Articles of Incorporation. Despite these obligations, NGF failed to timely dissolve. Instead, on February 21, 2024, NGF was dissolved without the required approval or notice to Cross-Petitioners, violating NRS 82.451 and NRS 82.091.

The Court FINDS NGF improperly transferred its remaining assets into the NGF Nevada Trust ("Trust"), unlawfully expanding the class of beneficiaries beyond those permitted under the Settlement Agreement and NGF's governing documents. This transfer created an unauthorized beneficiary class and was executed by NGF directors who appointed themselves Trustees. The Trustees engaged in self-dealing, authorizing substantial compensation without independent oversight and indemnification provisions for themselves, and provided insufficient justification for depletion of significant Trust assets. The Trustees' assertions of hypothetical liabilities are insufficient to justify withholding distributions clearly mandated by the governing documents. The Court FINDS NGF's actions constituted ultra vires acts under NRS 82.091 and 82.451, violating the Articles of Incorporation and Settlement Agreement, rendering the NGF Nevada Trust invalid. The Trustees breached fiduciary duties owed to Cross-Petitioners pursuant to NRS 163.115(2)(c).

The Court FINDS NGF Protector, LLC, is conflicted due to overlapping control by former NGF directors, eliminating impartial oversight and independence.

The Court FINDS that reasonable and minimal expenses are necessary to effectuate the orderly winding down of NGF's affairs. Accordingly, the Court authorizes the retention of the sum of $10,000,000.00 from the Trust's assets for the exclusive purpose of paying legitimate wind-down expenses, including administrative dissolution costs, accounting services, tax filings, and other verified third-party obligations directly related to the termination of the corporation. This amount shall be held in escrow and disbursed only upon Court approval following submission of supporting documentation.

Cross-Petitioners have satisfied their burden of proving entitlement to an immediate accounting, asset redistribution, and removal of the Trustees and Trust Protector after wind down has completed.

Order

Therefore, the Court ORDERED the Cross-Petition filed by Nazarbayev University and Nazarbayev Intellectual Schools is GRANTED in its entirety. The Original Petition filed by Robert F. Armao and Nuraly Bekturganov is DENIED.

The NGF Nevada Trust is declared INVALID.

PRINT DATE:   08/12/2025         Page 4 of 5         Minutes Date:   August 12, 2025

P-24-122187-T

Robert F. Armao and Nuraly Bekturganov are to be REMOVED upon completion of the wind up as Trustees due to conflicts of interest and breaches of fiduciary duties.

NGF Protector, LLC is REMOVED as Trust Protector for lack of independence and conflict of interest.

Trustees are ordered to provide within thirty (30) days from entry of this Order, a full and detailed ACCOUNTING of all Trust assets, expenditures, compensation, distributions, and legal expenses incurred since inception.

Upon Court approval of the accounting, all remaining Trust assets, less the amount approved for wind-down expenses, shall be DISTRIBUTED equally and immediately to Nazarbayev University and Nazarbayev Intellectual Schools as rightful beneficiaries.

Cross-Petitioners are awarded reasonable attorney's fees and costs, to be determined upon subsequent submission of supporting documentation to the Court.

The Court retains continuing jurisdiction over this matter to enforce compliance with this Order and resolve any further disputes that may arise in connection with the relief granted herein.

Counsel for Respondents/Cross-Petitioners is directed to submit a proposed Order to the Department Inbox (dc5inbox@clarkcountycourts.us) consistent with this Minute Order.  Counsel may add language to supplement the Court's findings consistent with the foregoing.  Counsel is directed to have the proposed Order submitted to chambers within 14 days consistent with EDCR 7.21. Opposing Counsel is to review and countersign as to form and content.

CLERK'S NOTE: This Minute Order was electronically served to all registered parties for Odyssey File & Serve.  //cj 08/12/2025